NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSITY SPINE CENTER,<br>on assignment of Celimar C.,<br><br>Plaintiff,<br><br>v.<br><br>1199SEIU NATIONAL BENEFIT FUND,<br><br>Defendant. | CIVIL ACTION NO. 17-8743 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge

The defendant, 1199SEIU National Benefit Fund (hereinafter, "the Fund"), is the administrator of an employee welfare benefit plan (hereinafter, "the Plan") pursuant to the Employee Retirement Income Security Act (hereinafter, "ERISA"). (ECF No. 1 at 1 (the complaint alleging the same); *see also* ECF No. 12 at 1 (the Fund alleging the same in an affidavit); ECF No. 13 at 3 (the Fund alleging the same in a brief).) The plaintiff is a provider of medical and surgical services (hereinafter, "the Medical Provider"). (ECF No. 1 at 1.)

Pending before the Court is the Fund's motion, *inter alia*, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure to dismiss the Medical Provider's complaint based upon improper venue. (ECF No. 11; ECF No. 12; ECF No. 12-1; ECF

No. 13; ECF No. 18.) The Medical Provider opposes the motion. (ECF No. 17 through ECF No. 17-2.)[1]

The Court resolves the Fund's motion upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the Court grants the part of the motion that seeks dismissal based upon improper venue, administratively terminates the parts of the motion that seek other relief without prejudice, and dismisses the complaint without prejudice.

## BACKGROUND

The Court presumes that the parties are familiar with the factual context and the procedural history of the action, and will only set forth a brief summary here. The Medical Provider: (a) alleges that it has an office in Passaic County, New Jersey; (b) is not a part of the Plan's network of approved medical providers; and (c) performed surgery on a patient (hereinafter, "the Patient") who was allegedly covered under the terms of the Plan. (ECF No. 1 at 1–2; ECF No. 12 at 2–3; ECF No. 13 at 4.) The Patient allegedly assigned the rights to reimbursement for the aforementioned surgical services under the Plan to the Medical Provider. (ECF No. 1 at 2; *see also* ECF No. 1-1 at 7 (assignment of benefits by the Patient to the Medical Provider).) The Medical Provider

---

[1] At one point in a brief, the Medical Provider refers to "Anthem Blue Cross Life and Health Insurance Company named in the suit as Anthem Blue Cross" as being the defendant in this action. (ECF No. 17 at 4.) The Court assumes that this was a typographical error on the part of the Medical Provider.

2

alleges that the Fund failed to provide a complete reimbursement for the aforementioned surgical services that were rendered to the Patient, and brings this action under ERISA to recover $436,544.80 in additional payments from the Fund. (ECF No. 1 at 2–3; *see also* ECF No. 13 at 1; ECF No. 17 at 6.)

The Fund now moves to dismiss the Medical Provider's complaint for improper venue. (*See* ECF No. 13 at 9–10.) In support, the Fund argues that the Plan contains a mandatory forum selection clause (hereinafter, "the Forum Selection Clause"), which sets forth that the Medical Provider, in its status as the Patient's assignee, "can only file a lawsuit . . . in a federal court in New York City" concerning its dispute with the Fund over reimbursement for the surgical services rendered to the Patient. (ECF No. 12-1 at 166; *id.* at 202 (stating the same); *see also id.* at 164 (stating under section entitled "1st Step" that such an action "must be filed in a federal court in New York City"); *id.* (stating under section entitled "2nd Step" that there is "the right to file a suit under [ERISA] . . . only in a federal court in New York City"); *id.* at 165, 167, 175 (stating the same six separate times); *see also id.* at 172 (stating that "[n]o legal action for benefits under this Plan or for a breach of ERISA may be brought in a forum other than a federal court in New York City").)

Furthermore, the Fund argues that it reiterated the Plan's Forum Selection Clause in the explanations of benefits (hereinafter, "EOBs") that it sent to the Medical Provider. (*See* ECF No. 1-1 at 13 (EOB stating that "[n]o lawsuits for benefits under this Plan may be brought in a forum other than a federal court in New York City, and in the case of a

provider suing on the patient's behalf, more than three years from the date of service");
*see also id.* at 14 (stating the same).) The Fund also points out that there is no basis for a New Jersey venue in this action in general, because its offices are located in New York City, it has no offices in New Jersey, and all of its participants work in New York. (*See* ECF No. 12 at 1; ECF No. 12-1 at 1, 179; ECF No. 13 at 3, 10.)

In opposition, the Medical Provider argues that the Forum Selection Clause is contrary to the spirit of ERISA, which according to the Medical Provider favors honoring the choice of a plaintiff in an ERISA lawsuit to pursue claims in the plaintiff's preferred venue. (*See* ECF No. 17 at 9.) Notably, the Medical Provider does not argue that the Forum Selection Clause is not applicable here.

## LEGAL STANDARD

It is not necessary for the Court to restate the standard for resolving a motion to dismiss a complaint that is made pursuant to Rule 12(b)(3) based upon improper venue, because that standard has already been already enunciated. *See Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012); *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724–25 (3d Cir. 1982).

## DISCUSSION

The Court rejects the Medical Provider's argument that the Forum Selection Clause is in contravention of ERISA, because this type of clause has already been held to be enforceable in the District of New Jersey. *See Progressive Spine & Orthopaedics,*

*LLC v. Paychex Bus. Solutions, LLC*, No. 17-5321 (WJM), 2018 U.S. Dist. LEXIS 967, at *7 (D.N.J. Jan. 2, 2018) (in a medical provider's action against a plan's administrator, enforcing the plan's clause that required that any ERISA dispute be litigated in Florida, because "ERISA allows for plan administrators and employers to incorporate forum selection clauses"); *Shah v. Wellmark Blue Cross & Blue Shield*, No. 16-2397 (NLH), 2017 WL 1186341, at *2 (D.N.J. Mar. 30, 2017) (holding the same concerning a plan's Iowa venue clause), *appeal dismissed*, No. 17-1982, 2017 WL 5157741 (3d Cir. Aug. 23, 2017). These holdings from the District of New Jersey are neither unusual nor unreasonable. *See, e.g., In re Mathias*, 867 F.3d 727, 732 (7th Cir. 2017) (holding that a forum selection clause in an ERISA plan was enforceable and compatible with ERISA's goals, because "[n]othing in [ERISA's] text *expressly* invalidates forum-selection clauses in employee-benefits plans"), *pet. for reh'g & reh'g en banc denied*, No. 16-3808 (7th Cir. Sept. 28, 2017), *cert. denied*, 138 S. Ct. 756 (2018); *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 931–32 (6th Cir. 2014) (holding that a plan's forum selection clause is valid and enforceable, because the ERISA statute itself does not specifically prohibit such clauses, and ERISA's goal of encouraging uniformity in the interpretation of a plan's terms is furthered when all claims concerning that plan are limited to one federal district), *cert. denied*, 136 S. Ct. 791 (2016).

The Medical Provider relies upon *Dumont v. PepsiCo, Inc.*, 192 F. Supp. 3d 209 (D. Me. 2016), a case from the District of Maine that held that forum selection clauses in ERISA plans are contrary to the public policy of providing ready access to the federal

courts, and that plaintiffs in ERISA actions should be permitted to litigate in venues of their own choosing. *See id.* at 219–20. However, the *Dumont* holding has been expressly rejected in the District of New Jersey. *See Shah*, 2017 WL 1186341, at *2 (agreeing with other courts in finding that the *Dumont* holding is an "outlier"). In addition, even *Dumont* itself acknowledges that "[t]he majority of district courts to address the issue have . . . held that forum selection clauses are permissible in the ERISA plan context." 192 F. Supp. 3d at 212 (listing cases).

As to any possible basis for the argument that New Jersey is a proper venue in general for the instant dispute, the Medical Provider neither alleges nor submits any evidence that the Patient is a New Jersey citizen. (*Cf.* ECF No. 18 at 2 (the Plan arguing that the Patient is a New York City resident).) Furthermore, the Medical Provider's bills for the surgical services rendered to the Patient were sent to the Fund from a New York City address. (*See* ECF No. 1-1 at 9–10 (listing an address for the Medical Provider at "PO Box 21146, New York, NY 10087-1146").) Also, the EOBs from the Fund were sent to — and apparently received by — the Medical Provider at that same New York City address. (*See* ECF No. 1-1 at 12, 14.) In addition, even though the Medical Provider characterizes itself in the complaint as being located in New Jersey (ECF No. 1 at 1), it has an office in New York City. (*Id.* at 19–20 (correspondence from the Medical Provider to the Fund, which lists four New Jersey locations and one New York City location).)

Thus, even in the absence of the Forum Selection Clause, New York City would

6

be the proper venue for this action, because the Medical Provider has not demonstrated an overriding reason for this action to proceed in New Jersey, the Fund's offices are in New York City, and ERISA expressly permits an action to proceed "where the plan is administered." 29 U.S.C. § 1132(e)(2); *see also Schwartz v. Employee Benefit Mgmt. Sys.*, No. 17-656 (SDW), 2017 WL 2119446, at *2 (D.N.J. May 16, 2017) (holding that an ERISA action should proceed in Montana under Section 1132(e)(2), even though the plaintiff medical provider sought to litigate in New Jersey, because the ERISA plan at issue was administered in Montana); *Plastic Surgery Ctr. v. Blue Cross Blue Shield of Mich.*, No. 13-2536 (FLW), 2013 WL 5773120, at *3 (D.N.J. Oct. 23, 2013) (holding the same in finding that an ERISA action should proceed in Michigan).

Therefore, the complaint is dismissed based upon improper venue. However, the dismissal is without prejudice to the Medical Provider to reinstitute the claims against the Fund in the appropriate venue, *i.e.*, a federal court in New York City, within 20 days. In view of this determination, the Court will not address the alternative arguments raised by the Fund in support of its motion, and offers no opinion as to their merits.[2]

---

[2] The Medical Provider "ask[ed] that this Court transfer this case to the venue it deems proper," rather than dismiss the complaint, if the Court found that New Jersey was indeed an improper venue for this action. (ECF No. 17 at 9.) The Court cannot grant that request, because the Medical Provider did specify whether the Southern District of New York or the Eastern District of New York, which are both located within New York City, would be most appropriate. *See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 300 (3d Cir. 2001) (holding that a district court is not required to treat a motion to dismiss for improper venue as a motion for transfer); *see also Bockman*, 459 F. App'x at 162 n.11 (holding the same, because the plaintiffs "failed to draw our attention to any injustice that would result from dismissal as opposed to transfer").

## CONCLUSION

For the aforementioned reasons, the Court grants the part of the motion that seeks dismissal based upon improper venue, administratively terminates the parts of the motion that seek other forms of relief without prejudice, and dismisses the complaint without prejudice. The Court will enter an appropriate order.

JOSE L. LINARES
Chief Judge, United States District Court

Dated: March 14, 2018